GEORGE COLVIN AND ANOTHER v. PIPESTONE NATIONAL
BANK,
ARTHUR DOELL, APPELLANT.[1]

April 24, 1925.

No. 24,547.

**Passing of title to certificate of deposit.**

Where a contract of sale and a certificate of deposit, issued by a foreign bank to the vendee for a sum larger than the cash payment, are delivered to a local bank with instructions to collect the certificate and, when the money is received, to turn over the amount of the cash payment to the vendor and the remainder to the vendee and then deliver the contract, title to the certificate does not pass to the vendor.

See Escrows, 21 C. J. p. 883, § 28.

Action in the district court for Pipestone county to recover $750 on a certificate of deposit. Arthur Doell filed his complaint in intervention. The case was tried before Nelson, J., who ordered judgment as stated in the second paragraph of the opinion. Intervener Doell appealed from an order denying his motion for a new trial. Reversed.

*C. T. Howard,* for appellant.

*M. J. Meeker,* for respondents.

[1] Reported in 203 N. W. 451.

TAYLOR, C.

Plaintiffs owned and operated a meat market at Pipestone. On December 17, 1923, they agreed to sell the market to Arthur Doell for the sum of $5,750, of which $750 was to be paid at the making of the contract and the remaining $5,000 on December 31, 1923. Plaintiff Tabler acted for plaintiffs throughout the transaction, plaintiff Colvin apparently taking no part therein. The contract was reduced to writing and duplicate copies were signed by both parties. Doell then produced a time certificate of deposit for $1,000 issued by a bank in North Dakota. The attorney who prepared the papers suggested that this was not cash. Thereupon Tabler and Doell went to defendant bank and delivered the contracts and the certificate to the cashier with instructions to hold the contracts until the certificate was paid, and when it was paid to credit $750 of the proceeds to plaintiffs and the remainder to Doell and deliver one copy of the contract to plaintiffs and the other to Doell. The cashier forwarded the certificate to the North Dakota bank which returned it unpaid because not due. On December 31, 1923, Doell notified plaintiffs in writing that he was unable to perform the contract on his part and that he released them from all obligations thereunder. When the certificate became due the cashier again sent it to the North Dakota bank which returned it unpaid because payment had been stopped by Doell.

Thereafter plaintiff brought this action against the bank to recover the sum of $750 on the certificate. The bank answered setting out the facts and asked that Doell be made a party defendant, that the bank be permitted to deposit the certificate in court and that the action be dismissed as to it. Doell filed a complaint in intervention asserting that he was the owner and entitled to the possession of the certificate. Plaintiffs filed an answer to the intervener's complaint asserting that they were the owners of the certificate and had delivered it to defendant bank as their agent for collection. At the close of the trial the jury was discharged by consent and the case submitted to the court. The court made findings of fact to the effect that the certificate of deposit was delivered by the intervener and accepted by plaintiffs in lieu of the cash payment of $750;

that plaintiffs were to pay the intervener the amount collected on it over and above that sum; that plaintiffs delivered the certificate to the bank for collection; and that the bank refused to redeliver the certificate to them or pay them the sum of $750. As conclusions of law the court found that plaintiffs were entitled to judgment against the bank for the return of the certificate and against the intervener for the sum of $750 and interest. The defendant and the intervener made a motion for amended findings or a new trial which was denied and the intervener appealed.

Plaintiffs are not suing for damages for breach of the contract, nor to enforce specific performance. They base their action on the claim that they are the owners of the certificate of deposit, and the court practically treated it as an action for possession of the certificate, so far as it concerned the bank. Unless title to the certificate passed to and vested in plaintiffs, the action must fail.

The intervener testified that, when they delivered the contracts and the certificate to the cashier, Tabler said:

"Andy, we are making a deal for our meat market with Mr. Doell. We are to get $750 down, and now Mr. Doell has a certificate of deposit on a North Dakota bank for $1,000; we also have these two contracts which we have signed. We want you to keep these contracts and collect the certificate of deposit and turn over to us when you collect the money, turn over $750 to us and $250 to him, then turn over one contract to us and one to him, and then we will know the deal is made."

Tabler nowhere denied making this statement. The cashier testified that he was instructed to hold the contracts and not deliver them until he received the money on the certificate. Tabler, when asked if the contracts were not deposited with instructions not to deliver them until the certificate had been collected, answered: "I think so." These were the three parties to the transaction.

There is practically no dispute as to what took place. The contract required $750 to be paid in cash on its delivery. Instead of accepting the certificate as payment of this sum and delivering the

contract, plaintiffs provided that the contract should not be delivered until the money was actually received and turned over to them. They were taking no chances of nonpayment. If the Dakota bank was or became insolvent or failed to pay, they could not have been compelled to bear the loss. The undisputed facts show clearly that the parties did not intend that title to the certificate should pass to plaintiffs, and we are unable to sustain a finding to the effect that it did pass to them.

Order reversed.